FILED

2019 Mar-15  AM 07:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### Northwest Division

**Rickey Holley,**

    **Plaintiff**                       **Case No.:**

**v.**

**Horizon Blue Cross Blue Shield of New Jersey**

    **Defendant**

### ERISA COMPLAINT

1. Plaintiff is a resident Citizen of the State of Alabama for more than 6 months preceding the filing of this complaint and was a citizen of Alabama at all times during the events that give rise to the filing of this complaint.

2. The Plaintiff lives in Russellville, AL and works for Saint Gobain/Certainteed, the Plan Sponsor of an employee welfare benefit plan that provided major medical benefits to employees including the Plaintiff.

3. The Plaintiff works for Saint Gobain/Certainteed (hereinafter referred to as "SGT") at its Russellville, Alabama manufacturing plant.

4. Horizon BlueCross and Blue Shield of New Jersey insured SGT's major medical benefits plan and acted as plan fiduciary to determine eligibility for payment for major medical expenses under the plan.

5.  Plaintiffs claim against the Defendant arise under provisions of Employee Retirement Income Security Act of 1974, also known as ERISA; 29 U.S.C. 1001, et seq.

6.  This Court has original subject matter jurisdiction of this cause of action pursuant to 29 U.S.C. 1132(e) and this matter arises under the laws of the United States of America.  28 U.S.C. 1331.  The venue is proper in this district as well.

## FACTS

7.  Plaintiff re-alleges and re-avers the jurisdictions allegations as set forth above, as if fully set out herein.

8.  The Plaintiff in October began experiencing back pain.  Following a period of almost 5 months of conservative medical treatment including rest, and the administration of NSAIDs and opiate medication, the Plaintiff's medical condition with respect to his back pain worsened rapidly. Holley developed numbness in his hip, thigh, and calf.

9.  On March 2, 2017, an MRI of Lumbar Spine confirmed the presence of large disc extrusion at L5-S1 eccentric to the right which completely effaced the right-sided subarticular recess.

10. In an Office visit of March 7, 2017, Dr. Kast diagnosed Ricky Holley with a right L5-S1 disc herniation with severe right S1 radiculopathy.  The Plaintiff was advised that he need to have immediate surgery due to the rapid progression of his numbness and pain in order to avoid permanent impairment.

11. Dr. Kast's advised Defendant of the need for surgery and obtained pre-authorization from the Defendant or its agent.

12. On March 17, 2017, Dr. Kast performed a disc laminotomy at L5 S1 at Helen Keller Hospital in Tuscumbia, AL.

13. Plaintiff incurred various medical expenses as a result of this surgery including a bill for Dr. Kast in the amount of $3,750, $11,000 from Helen Keller Hospital and $1,027.98 from Anesthesia Medical Consultants.

14. On September 25, 2017, Blue Cross Blue Shield of Alabama on behalf of the Defendant advised Dr. Kast that is was denying payment for the above-mentioned surgery and associated medical costs as being "not medically necessary."

15. In a letter on December 28, 2018, Dr. Kast appealed the denial.  He advised the Defendant that surgery was necessary following 5 months of conservative treatment and that Mr. Holley's symptoms had "severely progressed" over the period of several weeks.

16. In a letter dated February 21, 2018, Defendant advised Holley that his appeal was denied and that he could appeal again or file suit under ERISA.

17. On May 17, 2018, the Plaintiff requested an update as to the status of his claim and whether Defendant would pay his surgical bills from March 17, 2017. Not realizing where or not Defendant had received Dr. Kast's letter as an appeal, the plaintiff, therefore, appealed the decision to deny payment and enclosed the medical records of Dr. Kast, the MRI, and Dr. Kast's letter of December 28, 2017.

18. Defendant did not respond to Plaintiff's letter nor the appeal.

19. The Plaintiff has exhausted all administrative remedies under the Plan and the Defendant has told the Plaintiff that he has the right to file an ERISA cause of action regarding its denial.

Count I

20. Plaintiff readopts and realleges the Jurisdiction and Factual Allegations set forth above, as if set forth herein.

21. The incurred medical costs and expenses that should have been paid under the Plan by the Defendant.

22. Plaintiff medical condition warranted treatment and payment for hospitalization, anesthesia, and surgery for a disc laminotomy at L5 S1 because conservative measures had failed to relieve the Plaintiffs symptoms and his condition was rapidly deteriorating and if not corrected immediately, could lead to permanent impairment.

23. Surgery and related cost were medically necessary.

24. Defendant has wrongfully refused to pay for the medical expenses incurred.

25. Plaintiff is entitled to major medical benefits due under the terms of Plan pursuant to 29 U.S. C. 1132(a)(1)(b).

Wherefore the premises considered, the Plaintiff prays for Ordering requiring defendant to pay for hospital, doctor and anesthesia charges pursuant to 29 U.S.C 1132(a)(1)(b) and for an award of reasonable attorney fees pursuant to 11 U.S. C. 1132 (g) and cost of court and any other relief permit by ERISA.

/s/ Willson Jenkins_____

Willson Jenkins
Attorney for Plaintiff
201 South Court Street
Suite 450
Florence, AL  35630
(256) 766-4840


/s/ Willson Jenkins_____
Willson Jenkins


**DEFENDANT TO BE CERTIFIED MAILED TO:**

Horizon Blue Cross Blue Shield of New Jersey
Three Penn Plaza East
Newark, NJ 07105